
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EDWARD E. SIMMS, #1182336,

Petitioner,

v.  ACTION NO. 2:10cv432

HAROLD W. CLARKE,[1]
Director of the Virginia
Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. Statement of the Case

Petitioner Edward E. Simms ("Simms") was convicted in the Circuit Court for the City of Hampton of seven counts of robbery, one count of use of a firearm in the commission of a robbery, five counts of use of a firearm in the commission of a robbery (second or more offense), three counts of possession of a sawed-off shotgun, abduction, grand larceny of an automobile, and breaking and entering with intent to commit robbery. Simms was sentenced to six life sentences plus 124 years in the penitentiary. He is presently serving his term of imprisonment in the

---

[1] It is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Harold W. Clarke, Director of the Virginia Department of Corrections. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (foll. 28 U.S.C. § 2254).

Powhatan Correctional Center in State Farm, Virginia.

Simms appealed his convictions to the Court of Appeals of Virginia, which dismissed the appeal on February 18, 1988. (Record No. 1060-87-1.) Simms did not appeal to the Supreme Court of Virginia.

Simms filed a petition for writ of habeas corpus with the Circuit Court for the City of Hampton, which was dismissed on December 9, 1996. (Law No. 24035.) Simms's petition for appeal of the dismissal to the Supreme Court of Virginia was refused on May 27, 1997. (Record No. 970425.)

Simms filed a petition for writ of habeas corpus in this Court, which was dismissed as untimely on March 20, 2000. *Simms v. Angelone*, Civil Action No. 2:99cv707.

The Supreme Court of Virginia dismissed Simms's second state habeas corpus petition on February 7, 2002. (Record No. 001332.) On August 12, 2010, the Supreme Court of Virginia dismissed Simms's third state habeas corpus petition as untimely under Virginia Code § 8.01-654(A)(2) and as a successive petition -- an abuse of the writ -- under Virginia Code § 8.01-654(B)(2). (Record No. 101317.)

Simms filed the present petition (ECF No. 1) on August 30, 2010. Respondent filed a Rule 5 Answer and Motion to Dismiss (ECF No. 5) on September 3, 2010, and Simms filed an opposition to the Motion to Dismiss on October 25, 2010 (ECF No. 9). Accordingly, this matter is ripe for adjudication.

Simms asserts that he is entitled to relief under 28 U.S.C. § 2254 because, due to the fact that he was a juvenile when he committed the offenses, the imposition of seven life sentences without the possibility of parole violated his Eighth Amendment rights under the United States

Supreme Court's decision in *Graham v. Florida*, 130 S.Ct. 2011 (2010).

## II. Findings of Fact and Conclusions of Law

Simms has previously filed a petition for writ of habeas corpus in this court, which was denied, *Simms v. Angelone*, Civil Action No. 2:99cv707 (Mar. 20, 2000). Therefore, the current petition is a successive petition pursuant to 28 U.S.C. §2244(a) (2006). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244 provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.[2]
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is file in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

---

[2] Section 2255 addresses motions to attack a federal sentence as unconstitutional, and does not apply to Simms.

Simms asserts his petition should not be dismissed as successive because it relies on a new rule of constitutional law. Reply Br. at 3. However, Simms has failed to make a motion in the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider his successive petition as required by 28 U.S.C. § 2244(b)(3)(A).

## III. Recommendation

For the foregoing reasons, the Court recommends Respondent's motion to dismiss (ECF No. 5) be GRANTED, and the petition for writ of habeas corpus (ECF No. 1) be DISMISSED WITHOUT PREJUDICE to the petitioner's right to present his claims after obtaining an order from the United States Court of Appeals for the Fourth Circuit authorizing this Court to consider his successive petition as required by 28 U.S.C. § 2244.[3]

## IV. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this

---

[3] For the assistance of petitioner, attached to the copy of this Report and Recommendation mailed to petitioner are instructions and a blank motion form that petitioner must use if he chooses to apply to the Fourth Circuit Court of Appeals for permission to file a successive petition.

4

Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

/s/ Tommy E. Miller
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
February 11, 2011

# CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Edward E. Simms, #1182336
Powhatan Correctional Center
State Farm, VA 23160

Robert H. Anderson, III, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

February 14, 2011